**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIANGANG LI,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　　　Respondent. | No. 13-70069<br><br>Agency No. A088-702-150<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2015[**]
San Francisco, California

Before: GILMAN,[***] GRABER, and WATFORD, Circuit Judges.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Tiangang Li petitions for review of the Board of Immigration Appeals' order summarily affirming the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  The IJ denied relief because she found Li's testimony not credible.

**1.**  Substantial evidence supports the IJ's determination that Li was not credible.  *See Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013).  The IJ permissibly based her adverse credibility determination in part on Li's testimony that he returned to China several times after his first arrest, which cast doubt on his claim that he feared he would be persecuted if he returned there.  *See Loho v. Mukasey*, 531 F.3d 1016, 1018 (9th Cir. 2008).  The IJ was not compelled to accept Li's explanation that he lost all hope in the government only after his second detention and interrogation.  *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

Additionally, the IJ did not err in considering Li's failure to corroborate certain aspects of his testimony in reaching her adverse credibility determination.  *See Lai v. Holder*, 773 F.3d 966, 976 (9th Cir. 2014).  Nor did the IJ err in disregarding Li's copy of an email purporting to confirm his church attendance in Singapore, or in rejecting his explanations for his failure to corroborate his

testimony about mailing religious literature to China or attending church in San Jose.

In the absence of credible testimony, Li fails to establish that he is eligible for asylum or withholding. *See Jie Cui v. Holder*, 712 F.3d 1332, 1337–38 & n.3 (9th Cir. 2013); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**2.** The IJ also found that Li had not presented credible testimony that he would be tortured upon his return to China. Li did not address his eligibility for CAT relief in his opening brief and therefore waived any objection to the IJ's denial of this claim. *See Jie Cui*, 712 F.3d at 1338 n.3.

**PETITION DENIED.**